UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHARLES E. JUSTISE, SR.,          )
                                  )
            Plaintiff,            )
     v.                           )     No. 1:04-cv-1083-DFH-JMS
                                  )
DORIS JOHNSON, et al.,            )
                                  )
            Defendants.           )

### Entry Discussing Motion for Summary
### Judgment of Defendant Doris Johnson

This is a civil rights action in which plaintiff Charles Justise, Sr., ("Justise") alleges, among other matters, that he was denied adequate medical care while at the Marion County Jail ("Jail"). This claim is asserted against, among others, Doris Johnson ("Johnson"), and is brought pursuant to 42 U.S.C. § 1983. Johnson seeks resolution of Justise's claim through the entry of summary judgment.[1] Justise has not opposed the motion for summary judgment.[2]

---

[1] "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

[2] "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324. Justise's failure to oppose Johnson's motion for summary judgment has a particular consequence, which is that Justice admits the truth of Johnson's statement of material facts for purposes of the court acting on the motion for summary judgment. See *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)).

Whereupon the court, having considered the complaint, the motion for summary judgment, and the expanded record, and being duly advised, finds that Johnson's motion for summary judgment must be **granted.** This conclusion rests on the following facts and circumstances:

1.  The undisputed material facts established by the evidentiary record are the following:

    a.  At the time pertinent to Justise's claim in this case, Johnson was a nurse employed by Corrections Corporation of America at the Jail.

    b.  Justise was admitted to the Jail on June 12, 2004, as a pre-trial detainee.

    c.  After being admitted to the Jail, the Jail physician, Dr. James Fenoglio, ordered that Justise receive insulin NPH every morning, insulin R on a sliding scale as needed every morning and evening, and be placed on a 2400 calorie diet. Dr. Fenoglio also ordered the number of blood sugar tests that Justise was to receive.

    d.  Johnson is required to administer Dr. Fenoglio's orders regarding the treatment of diabetic inmates and the administration of insulin, blood tests, and diabetic diets. Johnson is not permitted to administer a type of insulin or provide a diet to an inmate different from that prescribed by Dr. Fenoglio.

    e.  During the relevant time period, Nurse Johnson worked the evening and early morning shift at the Jail and was therefore responsible for monitoring and treating diabetic inmates each morning and evening. On June 13, 14, 15, and 16, 2004, Justise was brought to the Jail's medical department while Nurse Johnson was on duty to have his blood sugar level checked.

    f.  Justise refused to permit Nurse Johnson to test Justise's blood sugar level on each of these days. Justise only permitted Nurse Johnson to check his blood sugar level and administer insulin on the evening of June 14, 2004.

    g.  By refusing to allow a blood sugar level test, Justise prevented Nurse Johnson from assessing Justise's condition to determine if Justise required insulin or any other treatment for his diabetes.

    h.  Nurse Johnson completed the requisite refusal of treatment forms as required by Jail policy for each occasion that Justise refused to allow his blood sugar level to be tested. Each of these forms was signed by Justise, and true and accurate copies of these forms are attached to Nurse Johnson's affidavit.

    i.  Justise was released from the Jail on the evening of June 16, 2004.

2.      Justise's deliberate indifference claim against Johnson challenges the medical judgments of Dr. Fenoglio relating to Justise's treatment for his diabetes, specifically the prescribed insulin type and diet. However, Johnson was not personally involved in or responsible for the medical decisions made by Dr. Fenoglio regarding the insulin and diet to be used to treat Justise's diabetes.

3.      Justise's claim is asserted pursuant to 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

4.      Subject matter jurisdiction over Justise's claim is conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

5.      The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994). *See Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

6.      At the time pertinent to his claim in this action, Justise was a pretrial detainee. Accordingly, the protection afforded by the Due Process Clause of the Fourteenth Amendment was in effect because "[g]enerally, confinement of pretrial detainees may not be punitive, because 'under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt.'" *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995) (quoting *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)).

   a.    Because "punishment" implies an intent to punish, the Seventh Circuit has held that for conditions of confinement to violate a detainee's rights under the Due Process Clause, a culpable mental state is required--either an intent to punish or deliberate indifference to the prisoner's suffering. *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996); *Salazar v. City of Chicago,* 940 F.2d 233, 238 (7th Cir. 1991). Substantively, the deliberate indifference standard which has developed from *Estelle v. Chapman,* 429 U.S. 97 (1976), and *Farmer v. Brennan,* 511 U.S. 825 (1994), applies to pretrial detainees. *Salazar,* 940 F.2d at 240.

   > A prison official violates the Eighth Amendment (which applies to persons who have been convicted) and the due process clause of the Fourteenth Amendment (which applies to pretrial detainees . . . ) when he is deliberately indifferent to a substantial risk of serious harm to an inmate, and a finding of deliberate indifference requires evidence that

3

>   the official was aware of the risk and consciously disregarded it nonetheless.

*Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997) (citing *Farmer* and *Salazar*). A prisoner's medical need is objectively serious if it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997)).

   b.   To succeed on a deliberate indifference claim under the Eighth Amendment, a prisoner must satisfy both an objective and a subjective component. First, he must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Then he must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834; *Greeno,* 414 F.3d at 653. To make this subjective showing, the plaintiff must establish that the defendants knew he faced a substantial risk of harm and that they disregarded that risk. *Id.* Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder,* 444 F.3d 579, 585 (7th Cir. 2006) (citation omitted). Medical malpractice or mere disagreement with a doctor's medical judgment does not constitute deliberate indifference. *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007).

   7.   Johnson does not dispute Justise's serious medical needs associated with his diabetes. Johnson did not, however, determine what measures should be taken to meet those needs and was not in a position to countermand or ignore the treatment prescribed by Dr. Fenoglio for them. In addition, the evidentiary record shows that over the course of Justise's 4-day confinement at the Jail, Johnson attempted to administer the treatment prescribed by Dr. Fenoglio for treating Justise's diabetes, but that treatment was refused by Justise. These circumstances negate the necessary element of deliberate indifference on the part of Johnson, and without this element Justise cannot prevail in his claim against Johnson in this case. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)(Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial").

   8.   There is no doubt that Justise was entitled to certain constitutional protections while he was confined at the Jail, including constitutionally adequate medical care. He has not, however, come forward with a genuine issue for trial. See *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *cert. granted* 513 U.S. 1071 (1995). That is precisely the situation with respect to the present case, and Johnson's motion for summary judgment must therefore be **granted**.

      9.    No partial final judgment shall issue at this time as to the claim resolved in this Entry.

    So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date: 6/8/2007

Distribution:

Charles E. Justise Sr.
DOC #921730
Putnamville Correctional Center
1946 West U.S. 40
Greencastle, IN 46135-9275

William A. Hahn
BARNES & THORNBURG
william.hahn@btlaw.com

Mark Shafer O'Hara
HOSTETTER & O'HARA
mark@hostetter-ohara.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com